IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-01153-CMA

IDA L. PRICE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

    Defendant.

---

## ORDER AFFIRMING ADMINISTRATIVE LAW JUDGE'S DECISION

---

This is a social security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Ida Price challenges the final decision of Defendant, the Commissioner of Social Security, denying her applications for social security disability benefits and supplemental security income. *See* 42 U.S.C. §§ 401-33 and 1380-83. The denial was affirmed by an administrative law judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act").

### I. BACKGROUND

On September 25, 2006, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability as of July 13, 2006, when she was 47 years old.[1] She claims she is disabled due to injuries to her spine stemming

---

[1] (R. at 85-93. The administrative record encompasses docket entries # 6 through # 6-10. The Court will refer to it simply as the "Record" or "R.")

from a motor vehicle accident in May 2006.  She has a tenth grade education and past relevant work experience as a truck driver.[2]

Plaintiff's applications were denied on October 16, 2006.  On April 18, 2008, her claim was heard by an ALJ.  Plaintiff and a vocational expert (VE), Deborah Christiansen, testified at the hearing.

On May 30, 2008, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[3]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 13, 2006.  At step two, he found that Plaintiff suffered from the following severe impairments: status-post C4-5 discectomy and fusion with left upper extremity pain and radiculopathy and related left hip pain secondary to graft procedure.  At step three, he found that Plaintiff's impairments, while severe, did not meet any of the impairments listed in the social security regulations.  At step four, he found that Plaintiff had the residual functional capacity (RFC) to perform "light" work activities, except she is limited to lifting a maximum of 20 pounds occasionally and can only occasionally bend or move her

---

[2]  (R. at 31, 116, 120, 127.)

[3]  The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); 20 C.F.R. §§ 404.1520 and 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.)  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

neck up and down or from side to side.[4] These findings precluded Plaintiff from performing her past relevant work. At step five, though, the ALJ found that Plaintiff could perform other jobs that existed in significant numbers in the national economy, in particular, cashier, ticket seller, and small products assembler.[5] He concluded, therefore, that Plaintiff was not disabled within the meaning of the Act and thus affirmed the Commissioner's initial decision. On appeal, Plaintiff submitted new evidence to the Appeals Council, in particular, the results of an MRI of her cervical spine performed three days after the ALJ's decision. The Appeals Council considered the new evidence but nevertheless denied Plaintiff's request for review on April 9, 2009. Plaintiff then filed this action seeking review of the Commissioner's decision.

## II. DISCUSSION

### A. STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Evidence is not substantial if it is overwhelmed by other evidence. *Frey v. Bowen*, 816 F.2d 508, 512

---

[4] (R. at 20-24.)

[5] (*Id.* at 25-26.)

(10th Cir. 1987). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).

**B.     ANALYSIS**

Plaintiff's arguments on appeal all concern the value of evidence that was not before the ALJ, in particular, an MRI of her cervical spine performed in June 2008. She contends this MRI shows that her neck is "in significantly worse condition" than the ALJ assumed. In particular, she argues the new evidence (a) likely would have changed the ALJ's decision, especially his credibility assessment, and renders his current decision unsupported by substantial evidence and (b) creates a "borderline" age issue.

Because these arguments concern evidence that was not before the ALJ, the Court must first decide how to evaluate this evidence. This, in turn, is dependent on how the Appeals Council regarded it.

The Appeals Council must consider new evidence if it is (a) new, (b) material and (c) related to the period on or before the date of the ALJ decision. *Chambers v. Barnhardt*, 389 F.3d 1139, 1142 (10th Cir. 2004) (internal citations omitted).

> " 'Whether [evidence] qualifies as new, material and chronologically relevant is a question of law . . . .' " *Id*. (quotation omitted). "If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision." *Id.* "If the evidence does qualify and the Appeals Council considered it in connection with the claimant's request for administrative review, it becomes part of the record in evaluating the Commissioner's denial of benefits under the substantial-evidence standard.

4

*Proctor v. Astrue*, 665 F. Supp. 2d 1243, 1251 (D. Colo. 2009) (citing *Chambers*, 389 F.3d at 1142)). "Finally, if the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings." *Chambers*, 389 F.3d at 1142 (citations omitted).

The Appeals Council expressly considered Plaintiff's June 2008 MRI. It found, however, that the evidence did not provide a basis for changing the ALJ's decision. (R. at 1-2.) Accordingly, because the Appeals Council considered the June 2008 MRI, it is now part of the administrative record to be considered by the Court in evaluating whether the ALJ's decision is supported by substantial evidence. *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994) ("new evidence becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence.").

1. <u>Whether The New Evidence Would Have Changed The ALJ's Decision</u>

Plaintiff first argues the new evidence would have changed the ALJ's decision and renders the Commissioner's decision unsupported by substantial evidence. Her focus appears to be on the ALJ's assessment of Plaintiff's credibility and how that assessment influenced his RFC determination. She argues specifically that a new credibility determination is needed in light of the new evidence. (Doc. ## 10, 12.)

"[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (quoting *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir.

1995)). So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference. *Id.* at 910; *see also Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ found that Plaintiff's impairments could be expected to produce the symptoms she alleged; he also found, however, that Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not fully credible to the extent she alleged an inability to work within the parameters of her RFC. (R. at 20-21.) More specifically, he found Plaintiff's testimony exaggerated her symptoms.

Plaintiff testified that since the accident in May 2006, and particularly following surgery in February 2007 for a cervical spine injury, she has suffered chronic left-sided neck and upper extremity pain with complaints of numbness which she said affected her entire left arm and hand. The ALJ found this testimony was consistent with the evidence to the extent Plaintiff has in fact complained of neck and left upper extremity symptoms following the accident and surgery. The evidence also showed that several months after surgery, Plaintiff began describing a progressive worsening in pain. The ALJ, however, also found Plaintiff's testimony was inconsistent with the medical evidence.

In particular, the ALJ wrote that after Plaintiff's surgery, Plaintiff had generally complained to medical sources of numbness affecting only her small finger. (R. at 21.) He cited a medical report dated December 2007, in which a physician noted that "[Plaintiff] currently reports only her small left finger is numb constantly." (R. at 432.)

6

Yet, contrary to this report, Plaintiff testified that she felt numbness throughout her left arm, not just her small finger. The ALJ discredited this testimony because "objectively" Plaintiff had "not exhibited an increase in findings to support the alleged worsening of her neck and arm symptoms." (R. at 21.) In support of this credibility finding, the ALJ cited the results of a CT scan performed on Plaintiff in October 2007, which showed "good solid fusion" at the site of Plaintiff's cervical spine surgery, specifically, the C4-C5 disc space. (R at 21, 429-431.) The ALJ referred to this CT scan several times in his decision, including in his step three finding that Plaintiff did not meet Listing 1.04 for disorders of the spine. (R. at 20-21, 23.)

The June 2008 MRI showed that the C4-C5 level was – consistent with the CT scan – solidly fused. It also shows, however, symptoms regarding the C5-C6 and C6-C7 that were not reflected in the CT scan. At the C5-C6 level, the MRI showed: "[d]isc height loss and desiccation. There is a small right paracentral disc protrusion containing an annular tear. This does slightly abut the cervical cord on the right and slightly displace it." (R. at 534.) At the C6-C7 level, the MRI showed "[d]isc desiccation and disc height loss. Moderate disco-osteophytic bulge. Mild central canal narrowing. No significant neural foraminal narrowing." (*Id.*) While these findings appear to differ from other evidence in the record, in particular, the CT scan, it is unclear whether that difference is significant.

Plaintiff, for her part, expends much effort explaining the significance of these findings. For example, she cites a publication entitled "Pathophysiology" to explain that "[a] tear in the annular fibrosis can allow the nucleus pulposus inside a disc to leak out and compress adjacent nerves and other tissue." (Doc. # 12 at 2 n.1.) She does this in

7

part, the Court must assume, because the evidence itself is, at best, equivocal.  That is, it is far from evident that Dr. Susan Wu, the physician interpreting the MRI, found the results to be anything other than mild or moderate.  Dr. Wu does not, for example, state that Plaintiff's condition is deteriorating.  Nor does she state or otherwise suggest that Plaintiff is more limited than her RFC would allow.  Plaintiff's RFC already limits Plaintiff to lifting a maximum of 20 pounds occasionally with occasional bending or moving of her neck up and down or from side to side.  The section in Dr. Wu's report entitled "findings" gives no indication that this MRI undermines Plaintiff's RFC:

> FINDINGS:
>
> There is mild straightening of the normal cervical lordosis.  Alignment is otherwise normal.  The patient is status post anterior cervical discectomy and fusion at C4-C5.  The hardware causes a mild amount of artifact.  There appears to be solid osseous fusion across the C4-C5 disc space.  The cervical spinal cord is normal.  Visualized portions of the posterior fossa are normal.  Incidental note is made of a rounded area of high T2 signal intensity in the right lobe of the thyroid measuring 9.7 mm.

(R. at 534.)

These findings do not obviously upset the ALJ's RFC determination nor his other findings.  *See Martinez v. Astrue*, No. 09-2246, 2010 WL 3010350, * 3 (10th Cir. August 3, 2010) (unpublished) (explaining district court's task is to determine whether new evidence "upsets" ALJ's decision).  Accordingly, the Court finds that this evidence – while possibly lending support to Plaintiff's allegations – does not so overwhelm the balance of the evidence as to render the Commissioner's decision unsupported by substantial evidence.  *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).  Thus,

despite this new MRI, the Court finds the Commissioner's decision supported by substantial evidence.

      2.    <u>Whether There Is A Borderline Age Issue</u>

Plaintiff also argues that the new evidence brings up a borderline age issue. Borderline age becomes an issue when a claimant is within a few days to a few months of reaching an older age category, and an ALJ using the older age category would reach a determination or decision that the claimant is disabled. 20 C.F.R. § 404.1563(b). Plaintiff's argument is premised entirely on the ALJ making a series of findings regarding the June 2008 MRI. (*See* Doc. # 10 at 11-12.) As stated, however, the Court finds this evidence is equivocal at best. Accordingly, the Court disregards this argument.

**C.    CONCLUSION**

The ALJ's denial of Plaintiff's applications for disability benefits and supplemental income is supported by substantial evidence and free of legal error. Accordingly, the Commissioner's decision is AFFIRMED.

      DATED: August __17__, 2010

                                              BY THE COURT:

                                              CHRISTINE M. ARGUELLO
                                              United States District Judge